USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
EMERY MUKENDI WAFWANA &     :
ASSOCIATES, P.C.,           :
                  Plaintiff, :
       -against-            :
                            :
DANIEL MENGARA,             :      20-CV-9788 (VEC)
                  Defendant, :
                            :      OPINION AND ORDER
EMERY MUKENDI WAFWANA &     :
ASSOCIÉS, SCP               :
                            :
          Proposed Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

This action stems from a dispute between two branches of a law firm over ownership of the firm's website domain and control panel. Plaintiff Emery Mukendi Wafwana & Associates, P.C. ("the New York Firm") commenced this action against the website's developer Daniel Mengara ("Mr. Mengara"), seeking control of the domain. Dkt. 1. On March 17, 2021, Proposed Defendant, Emery Mukendi Wafwana & Associés, SCP ("the Congo Firm"), moved to intervene in the case pursuant to Federal Rule of Civil Procedure 24(a). Dkt. 40. Plaintiff did not oppose the motion to intervene. On August 10, 2021, Magistrate Judge Parker issued a Report and Recommendation (R&R) recommending that the Congo Firm's motion to intervene be granted, and that Plaintiff's motion for replevin be denied without prejudice. R&R, Dkt. 78. On August 24, 2021, Plaintiff filed objections to the R&R. Pl. Obj., Dkts. 82-84. For the following reasons, the Court adopts Magistrate Judge Parker's R&R in its entirety. Emery Mukendi Wafwana & Associés, SCP's motion to intervene is GRANTED. Plaintiff's motion for replevin is DENIED without prejudice.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv. Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

Careful review of Magistrate Judge Parker's R&R reveals that there is no clear error in its conclusions. Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if

"(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.,* 471 F.3d 377, 389 (2d Cir. 2006).  Here, as noted by Magistrate Judge Parker, the Congo Firm's motion to intervene is timely and will not meaningfully prejudice the existing parties in this case.  R&R at 4.  Moreover, because the Congo Firm disputes Plaintiff's ownership of the firm's website domain, it unquestionably has a "direct, substantial, and legally protectable" interest in the subject matter of this action.  *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999); R&R at 4-5.  Accordingly, the Congo Firm's motion to intervene is granted.

Plaintiff objects to Magistrate Judge Parker's characterization of the motion to intervene as "unopposed." Pl. Obj., Dkt. 84 at 1.  Although Plaintiff concedes that the motion "has never been briefed," Plaintiff argues that the motion "has always been opposed and counsel for the proposed intervenors was advised of this less than 24 hours prior to falsely informing Magistrate Parker that the plaintiffs did not object to intervention." *Id.* at 1-2.  Plaintiff's argument is unpersuasive.  On February 23, 2021, Mr. Mengara filed a motion for interpleader.[1]  Dkt. 35-3.  On March 17, 2021, the Congo firm filed a third-party memorandum of law in support of its motion to intervene.  Dkt. 40.  On June 17, 2021, Magistrate Judge Parker issued an order noting that although the Congo Firm had failed to file a separate notice of motion, she would "nonetheless treat [the] application [at ECF 40] as a motion;" she directed Plaintiff to respond to

---

[1]     The Court notes that this motion was improperly filed without a notice of motion.  The Court directs counsel for all parties to ensure that all subsequent motions are filed properly.

3

the motion by July 2, 2021.  Dkt. 60.  On July 2, 2021, Plaintiff filed an opposition to Mr. Mengara's motion for interpleader but failed to oppose the Congo Firm's motion to intervene.  Dkt. 68.  Accordingly, regardless of any communication among the parties, the Court agrees with Magistrate Judge Parker's characterization of the Congo Firm's motion to intervene as unopposed.

Finally, Plaintiff does not object to Magistrate Judge Parker's recommendation that Plaintiff's motion for replevin be denied without prejudice, and the Court agrees that the motion is premature.  *See* Pl. Obj., Dkt. 84 at 1.  Accordingly, Plaintiff's motion for replevin is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Emery Mukendi Wafwana & Associés, SCP's motion to intervene is GRANTED.  Counsel for Emery Mukendi Wafwana & Associés, SCP is directed to file a notice of appearance by **September 10, 2021.**  Plaintiff's motion for replevin is DENIED without prejudice.

The Clerk of Court is directed to terminate the open motions at docket entries 55 and 81.

**SO ORDERED.**

Date:  September 7, 2021
        New York, NY

**VALERIE CAPRONI**
**United States District Judge**